UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOSEPH KRASSINGER & )
KIMBERLY KRASSINGER, )
                                                                       )
        PlaintiffS, )
                                                                        )
    vs. )                Case No. 4:14CV771 CDP
                                                                        )
ALLSTATE INSURANCE CO., )
                                                                          )
        Defendant. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). A defendant seeking to "invoke federal jurisdiction through removal . . . bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. *Wilkinson v. Shakelford*, 478 F.3d 957, 963 (8th Cir. 2007).

The Notice of Removal in this case asserts that the Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different States and the matter in controversy exceeds the sum of $75,000.  The Notice alleges that plaintiff is a "resident of St. Louis County Missouri" and that Allstate Insurance Company is a foreign corporation organized under the law of Illinois with a principal place of business in Illinois.  This allegations are insufficient for the Court to determine whether it has diversity jurisdiction over this matter.[1]

Diversity jurisdiction requires that the party be "citizens of different States." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) (quoting 28 U.S.C. § 1332(a)(1)).  "A complaint that alleges merely residency, rather than citizenship, is insufficient to plead diverse citizenship."  15 Moore's Federal Practice § 102.31 (3d ed. 2013); *see also Sanders*, 823 F.2d at 216.

The Court will grant defendant ten (10) days to file an amended notice of removal that alleges facts showing the existence of the requisite diversity of citizenship of the parties.  If plaintiff fails to timely and fully comply with this Order, the Court will dismiss this matter without prejudice for lack of subject matter jurisdiction.

Accordingly,

---

[1] Both the original Petition and Answer also allege only the residency of Plaintiffs.

**IT IS HEREBY ORDERED** that by **May 5, 2014**, defendant shall file an amended notice of removal that alleges facts establishing the citizenship of the plaintiff.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of April, 2014.